## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| NOAH JAMES GOLDSMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-CV-135 SRW |
| ) | |
| MIKE JONES, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Noah Goldsmith for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. The Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny, at this time, his motion seeking the appointment of counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. [ECF No. 1]. At all times relevant to the allegations in his complaint, plaintiff appears to have been a pre-trial detainee housed at the Butler County Jail in Poplar Bluff, Missouri. Plaintiff names nine individuals as defendants in this action: (1) Jail Administrator, Mike Jones; (2) Sheriff, Mark Dobbs; (3) Correctional Officer, Bethany Unknown; (4) Correctional Officer, Mark Unknown; (5) Correctional Officer, Scott Unknown; (6) Correctional Officer, Jerico Unknown; (7) Correctional Officer, Joe Unknown; and (8) Correctional Officer, Phillip Unknown. Plaintiff also sues defendants, "Staff Unknown." Plaintiff is silent as to the capacity under which he is suing defendants.

Plaintiff alleges a plethora of conditions of confinement claims relating to his detainment at the Butler County Jail. He asserts that the cell he was placed in when he first came to the Butler County Jail did not have electricity or lights, and it did not have cold water, only hot water. Therefore, for all but three hours of his day, when he was released on recreation to the rec-room, he was made to sit in the dark and drink hot water. Plaintiff also complains that his cell did not have an emergency call button or an intercom, which he claims was a safety issue. He does not indicate how long he was kept in this cell or if he is still residing in this cell. Plaintiff also fails to

indicate exactly who at the Butler County Jail placed him in this cell, if he asked to be moved to a different cell, and how the lack of cold water, electricity and intercom/emergency button affected him. To the extent that plaintiff believes that these issues have violated his constitutional rights, plaintiff has not provided an explanation of such, as he merely states that they have affected his mental and emotional state.

Plaintiff additionally alleges that inmates at the Jail are allowed out of their cells for approximately three hours each day for recreation in the rec-room. He complains that the rec-room has no bathroom and no drinking/water facilities. Thus, if inmates must go to the bathroom during recreation time, they are often forced to urinate on themselves, forced to declare a medical emergency to get out of the rec-room (and get the entire unit in trouble and risk retribution) or urinate in the shower facilities available in the rec-room. Again, plaintiff has not indicated how long the lack of access to bathroom and drinking fountain facilities have been occurring during recreation time at the Butler County Jail, and he does not explain why he believes these issues are constitutional violations except to argue that they are demoralizing. Moreover, he has not indicated who is responsible for denying him access to these conditions during recreation time, except he has indicated that on a couple of occasions that Correctional Officer Bethany told him that he was not allowed to leave to use the restroom and threatened the entire Pod with discipline if one inmate attempted to leave. Plaintiff, however, does not indicate that anyone in the Pod was punished by Officer Bethany for seeking to use the restroom.

Plaintiff complains of the lack of cleanliness at the Butler County Jail as well. He states that inmates are not given disinfectant or cleaning supplies to use to clean their cells or the rec-room, and he states that despite asking for these items on multiple occasions, he has not been given

4

a toilet brush or disinfectant to clean his cell.[1] However, because plaintiff's complaint is handwritten and somewhat disjointed, it is difficult to discern exactly which correctional officers he has sought cleaning supplies and disinfectant from and when. The Court will instruct plaintiff on the basics of amending his complaint to properly set forth in his claims in a comprehensible manner.

Next, plaintiff alleges that inmates are supposed to receive freshly washed Jail uniforms three times per week. However, plaintiff states that this rarely occurs. To the extent plaintiff is alleging deliberate indifference to his physical health, plaintiff must provide facts relative to how staying in the dirty uniform has affected him, i.e., violating his constitutional rights. Plaintiff must also share with the Court who at the Jail is responsible for providing newly washed uniforms three times per week and has failed to properly do so.

Plaintiff claims that inmates at the Jail have improperly been denied free hygiene packages with soap, toothpaste, toothbrushes and shampoo in them on a weekly basis, as well as more than one roll of toilet paper per week. He claims that inmates cannot even buy toilet paper in the commissary at the Jail, thus, they can only use one roll per week. Furthermore, to place a medical request, inmates must pay $5.00, and to actually see a physician, the inmate must pay $30.00 per visit. Once again, plaintiff has failed to properly indicate who set these policies at the Jail, when he inquired about the policies, who is enforcing the policies at the Jail, and how the policies are purportedly violating his rights.

Last, plaintiff claims that although he has grieved his conditions of confinement issues, defendants have failed to respond to his grievances. Plaintiff, however, has failed to indicate what

---

[1] Plaintiff also complains that there is mold in the rec-room and in his cell, which he refers to as "black mold." He indicates that the mold has accumulated around the ceiling tiles, as well as around the walls of the cells. If plaintiff wishes to assert claims of conditions of confinement relating to the mold issues, he needs to include information relating to how the alleged mold has affected him, who he complained about the mold to, when, what he did relating to the alleged mold, etc.

issues he grieved, when, whether he received any responses relative to his grievances/IRRs and if he was able to move to the next step of the grievance process.

Plaintiff seeks monetary relief in this action.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

### A.  Official Capacity Claims

As set forth above, plaintiff is silent as to the capacities under which he is suing defendants. In the 8th Circuit, if the complaint does not specifically name the defendant in his or her individual capacity, it is presumed the defendant is sued only in his or her official capacity.

Plaintiff's official capacity claims against all of the defendants fail to state a claim and are legally frivolous. An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim against an individual is actually a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit,* 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the

6

official is an agent"). Thus, to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges all defendants are employed by Butler County – either the Jail or the Sheriff's Office. However, a jail has no independent legal existence and is not subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (1992) (a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983). *See also Ballard v. Missouri,* Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the St. Louis City Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

Even if Butler County was substituted as the employer, plaintiff's official capacity claims would still be subject to dismissal. Unlike the Jail, a local governing body can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978). However, a local government does not answer "for the injuries inflicted solely by its employees or agents," and is not subject to respondeat superior liability. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). Rather, a local government is narrowly liable for its own unconstitutional misconduct—as perpetrated through its employees—that falls under one of three categories: (1) an official policy; (2) an unofficial custom; or (3) a failure to train, "which is an extension of the same" and serves to evidence an unconstitutional policy or custom. *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018). Accordingly, rather than implicate the doctrine of respondeat superior, an official capacity claim serves only to address the conduct of a particular official in furtherance of his or her employer's unconstitutional policy or custom. *See Miller*, 823 F.3d at 506. Thus, to sustain a

7

claim against defendants in their official capacities, plaintiff "must prove that the County itself caused the constitutional violation at issue." *Marsh,* 902 F.3d at 751.

Here, plaintiff's complaint is devoid of any allegations that would state a claim of municipal liability. Plaintiff does not allege that Butler County itself maintains a specific policy or custom which caused the violation of plaintiff's constitutional rights. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Rather, to the contrary, plaintiff appears to allege that constitutional policies were in place but defendants knowingly disregarded those policies by their actions. Such allegations are insufficient to assert official capacity claims.

### B. Individual Capacity Claims

Plaintiff asserts that during his detainment at Butler County Jail he has been subjected to various conditions of confinement that he believes violated his rights, including: lack of light and electricity in his cell; only hot water but not cold water in his cell; mold in his cell and in the rec-room; no call button/emergency button in his cell; denial of cleaning supplies and disinfectant; having to pay to see the doctor; lack of free hygiene supplies and toilet paper; lack of bathroom and water facilities in the rec-room; dirty uniforms; and the failure to defendants to respond to his grievances.

Plaintiff does not, however, provide specific facts linking the named defendants to these alleged conditions, that they intentionally ignored them, or that they caused such conditions to occur. Plaintiff does not allege he wrote to defendants about the conditions regarding each specific condition on a specific date, or that he personally spoke to each of the defendants about the specific conditions about all of the allegations within his complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). It is not enough for one defendant to have supervisory authority over the Sheriff's Department or Jail such that the Court would be able to hold that defendant liable for the alleged constitutional violations. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). Rather, plaintiff must connect each of the defendants to each one of the named claims in his complaint. Because plaintiff does not do so, the claims against defendants, as currently stated, are subject to dismissal.

Furthermore, plaintiff's claims related to his conditions of confinement are inadequate as plead. Prisoners and detainees are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Here, however, plaintiff does not identify with specificity his conditions of confinement and when they occurred and how long. *See Sumlin v. Chambers*, 2023 WL 2524942, at *5 (E.D. Mo. Mar. 15, 2023) (plaintiff's failure to describe the deprivation prevents the Court from the ability to determine whether a constitutional violation has occurred). A Fourteenth Amendment violation requires the long-term and repeated deprivation of the minimal civilized measure of life's necessities. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Because plaintiff is a self-represented litigant, and because he has made serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. In preparing his amended

9

complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**Amendment Instructions**

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple,

concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Plaintiff must allege facts connecting each defendant to the challenged action. *See Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper*, 130 F.3d at 1314 (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see e.g., Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment).

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964

(8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve

straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 7th day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE